### Alfred Wisley et al. v. Houston National Bank.

Decided February 26, 1902.

1.—Amendment—New Cause of Action—Citation.

Where, upon defendant's demurrer being sustained, plaintiff has leave to amend, an amended pleading filed at the next term of court does not require citation to the defendant unless it sets up a new cause of action, and an additional allegation in such amended pleading that certain bonds upon which plaintiff's original petition sought to foreclose a lien were of a value within the jurisdiction of the court, did not state a new cause of action.

2.—Jurisdiction—Amount—Value of Bonds.

Where the suit is on a note and to foreclose a lien on certain bonds given as collateral, the market value of the bonds, and not their face value, determines the amount in controversy with respect to the jurisdiction.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*Jacob C. Baldwin,* for plaintiff in error.

*Leon B. Smith* and *L. B. Moody,* for defendant in error.

JAMES, Chief Justice.—The action was against Alfred Wisley and Charles Tinsley upon a note, the latter being indorser, and to foreclose a lien on three Martin County road and bridge bonds of the denomination of $500 each as collateral.

There is no question as to due citation of Wisley. But as to Tinsley it is contended that he should have been cited to answer the second amended original petition upon which the judgment was obtained. He had been cited on the original petition by service in Cooke County, Illinois, and had appeared and answered that petition. He also appeared on March 27, 1900, in reference to the first amended original petition, by general demurrer and general denial, etc. The demurrer was sustained and an order thereupon entered giving plaintiff leave to amend. The second amended original petition was filed at subsequent term on October 11, 1900.

The first and second assignments are to the effect that Tinsley having no notice of the last named pleading or service of citation thereon, it was error to render judgment against him. Some stress is laid on the fact that the amendment was not filed at the same term at which the demurrer was sustained, but the point we think is not entitled to serious consideration. In our opinion no citation would be necessary upon the amended pleading, unless it stated a new cause of action. It is not asserted by plaintiff in error that such was the case, and we might rest here in deciding this question. But it would seem that the difference in the first and second amended original petitions consists in an allegation in the latter that the bonds upon which foreclosure was asked were of a certain value within the jurisdiction of the court, and this allegation

was lacking in the former. This would not be stating a new cause of action. We therefore overrule these assignments.

The other assignment is that upon the question of jurisdiction the bonds must be taken as of their face value, being fixed obligations of a county, and their market value was not the criterion. If this were an action upon the bonds their denominational value would doubtless determine the question of jurisdiction, for this would be the amount in controversy. But here the market value of the bonds, as would be in the case of other chattels or property, would determine it. In this respect we can see no difference between bonds and other personalty. It was alleged that the market value of the bonds was less than the jurisdictional limit, and this fact is ascertained by the decree.

*Affirmed.*

Writ of error refused.